IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KIRK BARRON CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00855-DGK-SSA |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING IN PART APPLICATION FOR ATTORNEYS' FEES**

This case arises from the Commissioner of Social Security's (the "Commissioner") denial of Plaintiff's application for Social Security Disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–405, and Supplemental Security Income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381–1383. Plaintiff challenged the denial in federal district court, and the Commissioner moved for remand finding further administrative review of the case was necessary. The Court granted remand, ECF No. 19, and awarded Plaintiff's Counsel $6,100.00 in fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, ECF No. 24. Upon remand, the Commissioner issued a fully favorable decision, and Plaintiff was awarded $140,754.00 in past-due disability benefits.

Now before the Court is Plaintiff's Counsel's motion for an award of attorneys' fees under 42 U.S.C. § 406(b). ECF No. 25. Counsel requests $35,188.50 for 32.75 hours of work. This amount is approximately 25% of Plaintiff's past-due benefits and is what Plaintiff and Counsel agreed to in their fee agreement. *See* Fee Agreement, ECF No. 25-3. The Commissioner neither supports nor opposes the request. For the following reasons, the motion is GRANTED IN PART.

Under the Social Security Act, a court that renders a judgment favorable to a Title II claimant may award reasonable attorneys' fees not to exceed 25% of the total past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). The Court must ensure that the requested fee amount is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining the reasonableness of a fee award, the Eighth Circuit has instructed trial courts to "first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807–08). When there is an award of attorneys' fees under both Section 406(b) and the EAJA, plaintiff's counsel must refund plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796.

Here, the fee agreement itself is reasonable, Counsel achieved a good result for Plaintiff, and Counsel was not responsible for any delay. But the legal issues in this case were not unusually novel or difficult, the Commissioner moved to remand the case, and an award of $35,188.50 for 32.75 hours of work would constitute a windfall for Counsel. *See id.* at 808.

Considering the 32.75 hours worked, the effective hourly rate would be $1,074.46 per hour ($35,188.50 / 32.75 hours).[1] This amount is unreasonably high, especially considering Counsel's previous request of EAJA rates of $206.79 and $214.35 in this case. *See* ECF No. 21 at 3 (rates for 2020 and 2021 respectively); *see also Adamson v. Comm'r of Soc. Sec.*, No. 6:18-CV-03196-RK, 2021 WL 4896550, at *3 (W.D. Mo. Oct. 20, 2021) (using similar reasoning).

---

[1] This is a hefty rate to charge in a Social Security case, even if the case were taken on a contingency basis. It is also a significant increase to Plaintiff's usual billing rate of $250 per hour for noncontingent-fee cases. *See Gisbrecht*, 535 U.S. at 808 (finding an attorney's "normal hourly billing charge for noncontingent-fee cases" a helpful aid when determining reasonableness).

Rather, the Court finds $19,655.86 is a reasonable award of attorneys' fees. To reach this amount, the Court uses as a guide the higher requested EAJA hourly rate ($214.35), multiplied by the hours worked (32.75) and the *Whitehead* factor (2.8). *See Williams v. Colvin*, No. 13-CV-417-W-DGK-SSA, 2016 WL 3162139, at *2 (W.D. Mo. June 3, 2016) (applying this approach and explaining 2.8 is a number designed to reflect the substantial risk of loss faced by attorneys practicing Social Security disability); *Whitehead v. Barnhart*, No. 01-0095-CV-SW, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006). This amount adequately compensates Counsel for the work she performed in this case, the contingent nature of the representation, and the difficulty of the work.

Accordingly, the motion is GRANTED IN PART. The Court awards Plaintiff's Counsel $19,655.86 under 42 U.S.C. § 406(b). The Court also ORDERS Plaintiff's Counsel to refund $6,100.00 to Plaintiff.

**IT IS SO ORDERED.**

Date: March 27, 2024            /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT